## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DARIAN TENSLEY,

      Petitioner,

                         Case No. 8:03-CR-227-T-23TBM
                                    8:08-CV-293-T-23TBM

UNITED STATES OF AMERICA,

      Respondent.

_____/

## O R D E R

This cause comes on for consideration of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Title 28 U.S.C. § 2255 (CV-D-1; CR-D-66), the Government's response in opposition thereto (CV-D-5), Petitioner's reply (CV-D-9), and Petitioner's Motion for Leave to File Amendment to 28 U.S.C. § 2255 (CV-D-8).

### BACKGROUND

On July 2, 2003, Petitioner was charged by way of an Indictment alleging possession with intent to distribute and distribution of 50 kilograms or more of a mixture or substance containing a detectable amount of cocaine base. Petitioner was originally represented by an Assistant Federal Public Defender Maria Guzman. Petitioner pled guilty pursuant to a written plea agreement on August 20, 2003. As a result of Petitioner's guilty plea, the Government did not file a sentence enhancement under 21 U.S.C. § 851, which would have

subjected Petitioner to a mandatory life sentence.

On November 3, 2003, the Court received a letter from Petitioner expressing his dissatisfaction with his attorney. On November 21, 2003, AFPD Guzman moved to withdraw and indicated that Petitioner wished to withdraw his guilty plea and proceed to trial. AFPD Guzman stated that she believed Petitioner's guilty plea was knowing and voluntary and that she had advised Petitioner that if he withdrew his guilty plea, the Government would likely seek to enhance his sentence under the statute.

At a hearing held on December 4, 2003, AFPD Guzman explained that, prior to Petitioner entering his guilty plea, she had explained to Petitioner that the Government would not file a § 851 notice of enhancement if he pled guilty. AFPD Guzman further stated that she had reviewed the sentencing guidelines, including the career offender provisions, with Petitioner. Attorney Guzman explained that she did not file a motion to withdraw Petitioner's plea because she did not believe the motion was in Petitioner's best interest. She further stated that she had explained to Petitioner that if he proceeded to trial and was found guilty, he would likely receive a life sentence. The Court found that AFPD had represented Petitioner well, but that Petitioner and his attorney could not work together, and therefore granted the

2

motion to withdraw as counsel for Petitioner.

Attorney Wade Whidden was appointed as new counsel for Petitioner. Sentencing was scheduled for February 9, 2004. On February 6, 2004, attorney Whidden filed a motion to withdraw Petitioner's guilty plea and a motion to continue the sentencing hearing. Petitioner contended that his plea was not knowing and voluntary. On February 9, 2004, the Court denied both motions and sentenced Petitioner to a term of imprisonment of 327 months.

Petitioner appealed. Attorney Whidden filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and simultaneously moved to withdraw from representation of Petitioner. Petitioner was appointed new appellate counsel, Robert Port, Esquire. Attorney Port also filed an Anders brief in which he identified the following seven issues: (1) whether the district court committed error during the plea hearing under Rule 11; (2) whether the district court abused its discretion in refusing to permit Petitioner to withdraw his guilty plea; (3) whether the appeal waiver was entered into knowingly and voluntarily; (4) even if there was a valid appeal waiver, would it preclude the Petitioner's right to appeal a sentence imposed in violation of United States v. Booker, 543 U.S. 220 (2005); (5) was there constitutional error under Booker; (6) was there statutory error under

Booker; and (7) was the sentence imposed unreasonable. Attorney Port, however, candidly admitted in the brief that none of these issues had merit.  On October 6, 2006, the Eleventh Circuit found that "independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct...." and affirmed Petitioner's conviction and sentence.  United States v. Tensley, 199 Fed. Appx. 876 (11th Cir. 2006) (per curiam).  The United States Supreme Court denied Petitioner's petition for writ of certiorari February 20, 2007.  Tensley v. United States, 127 S.Ct. 1302 (2007).

Petitioner filed a timely § 2255 motion claiming his guilty plea was not knowing and voluntary and that he received ineffective assistance of counsel.  With regard to ineffective assistance of counsel, Petitioner claims that his counsel was ineffective in failing to: (1) challenge the disparity in sentencing between powder cocaine and crack cocaine; (2) object to the prior convictions included in the Presentence Investigation under Booker and Blakely v. Washington, 542 U.S. 961 (2004); (3) file a motion to suppress with regard to the videotape of the drug transaction; (4) attack the laboratory report as to whether the substance was crack cocaine; (5) discuss the PSI with Petitioner; and (6) request a psychiatric

4

evaluation of Petitioner due to his low I.Q. and mental disorders.

The Government filed its response on April 2, 2008. The Government argues that Petitioner waived his right to collaterally attack his sentence. The Government further argues that by pleading guilty, Petitioner waived any claim of pre-plea ineffective assistance of counsel, thus Petitioner's claims relating to failure to file a motion to suppress and failure to seek a psychiatric evaluation of Petitioner **are not cognizable.** The Government contends that Petitioner's remaining ineffective assistance of counsel claims lack merit.

On May 12, 2008, Petitioner filed a reply brief and a Motion for Leave to File Amendment to his § 2255 motion. Specifically, Petitioner seeks to amend his § 2255 motion to include a claim of ineffective assistance of counsel for failure to challenge the Government's breach of the plea agreement. Petitioner essentially argues that while he was told the maximum sentence would have to be proved beyond a reasonable doubt, he believed that the drug quantity, when assessed correctly, would not trigger the maximum sentence. In this regard, Petitioner contends that the crack cocaine was wet and had it been dry, it would have weighed less than 50

5

grams.  The Government did file a response to Petitioner's motion to amend.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel require a showing of the two-prong test as set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  In order to succeed under the Strickland test, a movant has the burden of proving: (1) deficient performance by counsel; and (2) prejudice resulting therefrom.  Id. at 687.  The first prong of the Strickland test requires the Court to determine whether trial counsel performed below an "objective standard of reasonableness," while viewing counsel's challenged conduct on the facts of the particular case at the time of counsel's conduct. 466 U.S. at 688, 690.  Notably, the Court recognizes that there is a strong presumption that counsel rendered adequate assistance and made all significant decisions with reasonable and competent judgment.  Id.

A counsel's performance is deficient if, given all the circumstances, his performance falls outside of accepted professional conduct. Strickland, 466 U.S. at 690. "Judicial scrutiny of counsel's performance must be highly deferential," and "counsel cannot be adjudged incompetent for performing in

a particular way in a case, as long as the approach taken "might be considered sound trial strategy." Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir.2000) (quoting Strickland, 466 U.S. at 689 and Darden v. Wainwright, 477 U.S. 168 (1986)). Rather, for counsel's conduct to be unreasonable, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." Chandler, 218 F.3d at 1315.

With regard to the second prong, to demonstrate that an error by counsel prejudiced the defense, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The Supreme Court has consistently held that "as a matter of law, counsel's conduct ... cannot establish the prejudice required for relief under the second [prong] [o]f the Strickland inquiry." Nix v. Whiteside, 475 U.S. 157, 175 (1986). This admonition emphasizes the stringent requirement that if a petitioner does not satisfy both prongs of the Strickland test, "he will not succeed on an ineffective

assistance claim." <u>Zamora v. Dugger</u>, 834 F.2d 956, 958 (11th Cir. 1987). <u>See</u> <u>also</u> <u>Weeks v. Jones</u>, 26 F.3d 1030, 1037 (11th Cir. 1994). Therefore, a court may resolve a claim of ineffective assistance of counsel based solely on lack of prejudice without considering the reasonableness of the attorney's performance. <u>Waters v. Thomas</u>, 46 F.3d 1506, 1510 (11th Cir. 1995) (citing <u>Strickland</u>, 466 U.S. at 697). With this standard in mind, the Court turns to Petitioner's claims.

## DISCUSSION

"A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." <u>Wilson v. United States</u>, 962 F.2d 996, 997 (11th Cir.1992) (per curiam) (citation omitted). Thus, if Petitioner's guilty plea was knowingly and voluntarily entered, then his claims relating to ineffective assistance of counsel both prior to and after the entry of his guilty plea are waived.

## I.   GUILTY PLEA

Petitioner contends that his guilty plea was not knowing and voluntary. The Government contends that Petitioner's guilty plea was made knowingly, freely, and voluntarily.

Notably, on appeal, attorney Port, in briefing the issue of whether this Court abused its discretion in refusing to

permit Petitioner to withdraw his guilty plea, addressed whether Petitioner's plea was knowing and voluntary. In doing so, attorney Port noted that the record, "failed to reveal a basis for counsel to legitimately argue that the plea was unknowing or involuntary." Brief for Appellate, United States v. Tensley, No. 04-10862-DD, 2006 WL 5507729, at * 14 (11 th Cir. filed June 2, 2006) (footnote omitted). The Eleventh Circuit resolved the issue against Petitioner in finding that "counsel's assessment of the relative merit of the appeal is correct...." and affirming the conviction and sentence. (CR-D-58, p. 3.)

As the Eleventh Circuit already decided against him the issue of the voluntariness of his plea, Petitioner is barred from re-raising the claim in his § 2255 motion. Specifically, "[t]he district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (citing United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981)). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." Nyhuis, 211 F.3d at 1343 (citation omitted); Mills, 36 F.3d at 1056 ("prior disposition of a ground of error on direct appeal, in most cases, precludes further review in a subsequent collateral

9

proceeding"); <u>United States v. Johnson</u>,615 F.2d 1125, 1128 (5th Cir. 1980) ("[w]hen an issue has already been determined on direct appeal, a Court need not reconsider it on a Section 2255 motion").

As the Eleventh Circuit previously found that Petitioner's guilty plea was knowing and voluntary, Petitioner is not entitled to relief as to this claim.  Furthermore, by pleading guilty, Petitioner waived his claims of ineffective assistance of counsel in failing to file a motion to suppress, attack the lab report, and have Petitioner evaluated by a psychiatrist.  <u>Franklin v. United States</u>, 589 F.2d 192, 194-95 (5th Cir. 1979).

## II.  COLLATERAL APPEAL WAIVER

As indicated above, the Government contends that Petitioner expressly waived his right to collaterally attack his sentence pursuant to his written plea agreement, and, as such, the Court should dismiss his petition.

"An appeal waiver is valid if a defendant enters into it knowingly and voluntarily."  <u>United States v. Bascomb</u>, 451 F.3d 1292, 1294 (11th Cir. 2006) (citing <u>United States v. Bushert</u>, 997 F.2d 1343, 1350 (11th Cir. 1993)).  "A Defendant's waiver of the right to appeal 'directly or collaterally' encompasses his right to challenge his sentence in a section 2255 proceeding."  <u>Cuevas v. United States</u>, Nos.

10

8:98-cr-154-T-23TGW, 8:06-cv-1126-T-24TGW, 2006 WL 3408180, at *7 (M.D. Fla. Nov. 26, 2006) (citations omitted). In order to be knowing and voluntary, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Bushert, 997 F.2d at 1351.

In Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005), cert. denied, 126 S.Ct. 1125 (2006), the Eleventh Circuit held that a sentence-appeal waiver in a plea agreement precludes a defendant from collaterally attacking his sentence through a claim of ineffective assistance of counsel. There, the petitioner argued that the sentence-appeal waiver provision did not preclude him from contesting his counsel's effectiveness related to his sentencing. Id. at 1341. The Eleventh Circuit was persuaded by the other circuits that had found that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Id. at 1342 (citations omitted.) The Eleventh Circuit reasoned that

"a contrary result would permit a defendant to circumvent the terms of a sentence-appeal waiver simply be recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." <u>Id.</u>

The court then found that, at the plea hearing, the district court had reviewed the provision with the petitioner and had found that petitioner entered into the written plea agreement knowingly and voluntarily.  The Eleventh Circuit noted that "the plain language of the agreement informed Williams that he was waiving a collateral attack on his sentence." <u>Id.</u>  The court therefore affirmed the denial of collateral relief.  <u>Id.</u>

In this case, Petitioner's Plea Agreement includes the following provision:

> 5.  <u>Appeal of Sentence - Waiver</u>
>
> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole.  Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG §5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of

other law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(CR-D-14, p. 12.)

At the guilty plea hearing, the Court reviewed the foregoing provision with the Petitioner. The following exchange took place:

> The COURT:    There's also a provision in here that says to the effect that you give up your right to appeal the judgment and the sentence, but that does not keep you from appealing if the sentence is an illegal sentence or if it is increased because of an increase in your guidelines by elective departure on the part of the sentencing judge and if the Government should appeal, you would also have the right to appeal.
>
> Is your plea of guilty your independent decision made by you freely and voluntarily without any threats or promises, as far as promises are concerned, without any promises other than what appears in the plea agreement?
>
> MR. TENSLEY:    Yes.

(CR-D-53, p. 17-18.)

The record demonstrates that the Court advised Petitioner about his appeal waiver during the Rule 11 colloquy. Petitioner's appellate counsel raised on appeal the issue of whether the appellate waiver was entered into knowingly and voluntarily. Counsel found "no meritorious

basis upon which to attack the waiver of appeal contained within the Plea Agreement as involuntary or made with a lack of understanding or knowledge of the consequences of same. Brief for Appellate, <u>United States v. Tensley</u>, No. 04-10862-DD, 2006 WL 5507729, at * 17.  The Eleventh Circuit agreed with counsel's assessment.  <u>Tensely</u>, 199 Fed. Appx. at *1.

While this Court did not specifically indicate that Petitioner was also waiving his right to collaterally attack his sentence, the waiver provision was included in the plea agreement and Petitioner acknowledged that he had read and understood the agreement.  Accordingly, Petitioner's waiver of his right to collaterally attack his sentence was made knowingly and voluntarily.  <u>Brown v. United States</u>, 256 Fed. Appx. 258, 262 (11th Cir. 2007),<u>reh'g en banc denied by</u>, 277 Fed. Appx. 977 (11th Cir. 2008).  Furthermore, this Court did not depart upward from the sentencing guidelines, impose a sentence above the statutory maximum or impose a sentence in violation of the law apart from the sentencing guidelines, nor did the Government exercise its right to appeal.  Thus, given the waiver provision Petitioner's right to collaterally attack his sentence is waived.

A valid appeal waiver precludes § 2255 claims based on ineffective assistance of counsel at sentencing.  <u>See Williams</u>, 396 F.3d at 1342; accord <u>Leach v. United States</u>, 171

14

Fed. Appx. 765 (11th Cir. 2006).  As such, Petitioner's claims of ineffective assistance of counsel in failing to argue about the disparity in sentencing, challenge the enhancement based on criminal history, and review the PSI are waived.  However, even if Petitioner's claims of ineffective assistance of counsel were not waived, for the reasons stated below, he is not entitled to the relief he seeks.

III.    PRE-PLEA INEFFECTIVE ASSISTANCE OF COUNSEL

As previously set forth above, Petitioner claims his counsel rendered ineffective assistance, prior to Petitioner's entry of his guilty plea, in failing to file a motion to suppress, attack the laboratory report, and have Petitioner evaluated by a psychiatrist.  Each of these claims lacks merit.

A.   Suppression Motion and Lab Report

Petitioner claims that his counsel should have moved to suppress the videotape of the drug transaction based on lack of evidence.  He further claims that his counsel should have attacked the laboratory report because it was "insufficiently vague" and did not specify whether the drug was crack or powder cocaine.

With regard to his claim relating to the failure to file a motion to suppress, Petitioner's claim is vague and conclusory.  Vague, conclusory, or speculative allegations

15

that lack factual substantiation are not sufficient to support an ineffective assistance of counsel claim. <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th Cir. 1991). Additionally, Petitioner does not raise any basis for his counsel to have filed a motion to suppress.

As for Petitioner's claim relating to the lab report, the report was not "insufficiently vague." There was no question from the report that the substance seized from Petitioner was crack cocaine rather than cocaine powder. In this regard, according to the lab report from the Pinellas County Forensic Laboratory, the substance was identified as 53.8 grams of cocaine base, schedule II. (CV-D-66, Exh. B, p. 2.)

**B.   Psychiatric Evaluation**

Petitioner also claims that his counsel was ineffective in failing to have Petitioner evaluated by a psychiatrist. In support of this argument, Petitioner claims he has an I.Q. of 68 and suffers from "various mental disorders" that prevented him from understanding the nature of the charges in his criminal case

Petitioner fails to demonstrate his counsel acted unreasonably or any resulting prejudice. There is nothing in the record suggesting mental incompetency on behalf of Petitioner at the time of his guilty plea or sentencing. At his guilty plea, Petitioner stated that he quit school in the

ninth grade when he was first incarcerated.  (CR- D-53, p. 4.) He stated that he had never suffered from or been treated for a mental illness and had never been under the care of a medical doctor or a psychiatrist.  (Id. at p. 5.)  Petitioner indicated that he understood the nature of the charges and the penalties associated.  (Id. at p. 12.)

According to the PSI the Defendant denied any history of mental health problems or treatment and the Probation Officer did not locate any information to the contrary.  (PSI ¶ 94.) Petitioner reported that he was in good overall health and while he had suffered a head injury in a car accident 10 years before, he did not suffer any permanent damage.  (PSI ¶ 93.)

At the sentencing, attorney Whidden acknowledged Petitioner's lengthy adult criminal history, which started at age 16, but stated that Petitioner was not "without talents" and had "a very good grasp of his surroundings...."  (CR-D-44, p. 12.)

Furthermore, Petitioner was not unfamiliar with the court system.  He had been arrested on 30 occasions and had thirteen prior convictions involving drugs before he entered his guilty plea in the underlying criminal case.  Petitioner was provided with an explanation of the possible penalties on multiple occasions.  Moreover, the entire drug transaction between Petitioner and the confidential informant was video recorded

by law enforcement.

Given the foregoing, Petitioner fails to meet either prong of the Strickland test, and is not entitled to relief as to this claim.

## IV.   SENTENCING CLAIMS INVOLVING INEFFECTIVE ASSISTANCE

Petitioner raises several claims of ineffective assistance of counsel with regard to his sentencing.  He claims his counsel failed to review the Presentence Investigation Report with him.  He further contends that his counsel rendered ineffective assistance in failing to challenge the disparity in sentencing between powder and crack cocaine.  Finally, Petitioner claims his counsel should have attacked the prior convictions that qualified him as a career offender.

### A.   Failure to Review PSI

Petitioner's claim that his counsel was ineffective in failing to discussion the PSI with Petitioner is clearly refuted by the record.

Notably, at the sentencing hearing, the Court inquired of Petitioner's counsel as to whether he had reviewed the PSI with Petitioner.  (CR-D-44, p. 9.)  Attorney Whidden stated Petitioner had told him a complete review of the PSI was not necessary.  Attorney Whidden, however, stated that he had reviewed the relevant and important elements of the PSI with

18

Petitioner.  The Court then inquired of Petitioner whether he had reviewed the PSI with his counsel to which Petitioner responded, "Yes, I have."  (Id.)  Furthermore, when the Court asked whether there were any factual statements needed to be corrected, Petitioner responded, "not that I know of." Attorney Whidden then responded that there were not factual statements needing corrections.  (Id. at p. 10.)

As such, Petitioner is not entitled to any relief as to this claim.

### B.  Disparity in Sentencing

Petitioner next claims his counsel was ineffective in failing to challenge the disparity in sentencing between powder cocaine and crack cocaine.

The court Hickman v. United States, No. CV407-162, 2008 WL 205337 (S.D. Ga. Jan, 23, 2008), recently addressed this identical issue and found that counsel's failure to raise the crack/powder disparity does not constitute ineffective assistance.  The court explained:

> Under § 2D1.1 of the Sentencing Guidelines, a defendant convicted of distributing crack cocaine faces a longer sentence than a defendant convicted of distributing the same amount of powder cocaine. Until very recently, however, district courts in the Eleventh Circuit were not permitted to consider this disparity as a mitigating factor during sentencing. United States v. Williams, 456 F.3d 1353, 1369 (11th Cir.2006).  The United States Supreme Court recently abrogated the Williams decision in Kimbrough v.

> United States, 2007 WL 4292040, at *14, --- U.S. ---
> (Dec. 10, 2007).  This abrogation does not affect
> the Court's analysis, however, as "we have a wall of
> binding precedent [in the Eleventh Circuit] that
> shuts out any contention that an attorney's failure
> to anticipate a change in the law constitutes
> ineffective assistance of counsel." United States
> v. Ardley, 279 F.3d 991, 993 (11th Cir .2001)
> (citations omitted) (discussing the application of
> changes wrought by Apprendi v. New Jersey, 530 U.S.
> 466 (2000)). "[T]he rule that it is not ineffective
> assistance for an attorney to fail to foresee a
> change in the law applies even when the change is
> such that the forfeited issue was, in hindsight, a
> sure fire winner." Id.  Accordingly, counsel's
> failure to argue the crack/powder disparity cannot
> overcome the "strong presumption that counsel's
> conduct falls within the wide range of professional
> assistance." Strickland, 466 U.S. at 689.

Hickman, 2008 WL 205337, at *4 (footnote omitted).

As in Hickman, had Petitioner's counsel's raised the crack/powder disparity argument, it would have failed under the controlling law at the time of Petitioner's sentencing. Petitioner, therefore, has failed to show both his attorney's conduct in this respect was unreasonable and any resulting prejudice.[1]

### C.  Career Criminal Enhancement

Petitioner argues that his counsel was ineffective in failing to argue that the career criminal enhancement based on

---

[1]  The Court recently found Petitioner was not eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the crack cocaine amendments as Petitioner is a career offender.

his prior convictions violated Petitioner's rights under the Sixth Amendment because the prior convictions that qualified him as a career offender were not charged in the Indictment and proven to a jury.

Petitioner fails to establish that his counsel acted unreasonably or any resulting prejudice.   Significantly, Petitioner fails to recognize that Almendarez-Torres v. United States, 523 U.S. 224, 228-47 (1998), which held that the government does not need to allege a defendant's prior convictions in an indictment or prove them to a jury beyond a reasonable doubt for the convictions to be used to enhance a sentence, is still the controlling law and continues to be applied by the Supreme Court and the Eleventh Circuit.   See James v. United States, 127 S.Ct. 1586, 1600 n. 8 (2007); United States v. Rivera, No. 07-14199, 2008 WL 3974336, at *1 (11th Cir. Aug. 28, 2008) (per curiam).   The foregoing law precludes a finding in favor of Petitioner on this issue.   As such, Petitioner is not entitled to the relief he seeks.

## V.   MOTION TO AMEND

On May 12, 2008, the Court received Petitioner's motion to amend his § 2255 motion.   Petitioner seeks to add a claim that his counsel was ineffective in failing to challenge the Government's breach of the plea agreement and moving to

withdraw the plea as a result.  Petitioner contends that the Government breached provision A.3. of the plea agreement, which provides:

> Under Apprendi v. New Jersey, 530 U.S. 466 (2000), in order for a maximum sentence of life to be applicable to Count One, the following facts must be proven beyond a reasonable doubt:
>
> > That defendant possessed with intent to distribute more than 50 grams of a mixture or substance containing a detectable amount of cocaine base.

(CR-D-14, p.2.)  Petitioner contends that he was told and believed that he could not be sentenced to life unless the Government could prove beyond a reasonable doubt that the amount of cocaine base was 50 grams or more.  He claims he knew that the drug quantity would not trigger the mandatory minimum sentence of 10 years to life imprisonment.  Petitioner contends that the Government never proved drug quantity beyond a reasonable doubt.  Petitioner further contends that the dry weight of the crack cocaine would have been less than 50 grams.

Petitioner mailed his motion to amend on May 8, 2008, which is outside of the one-year limitations period for filing his § 2255.  As such, the Court can only consider those claims in his motion to amend that relate back to his original section 2255 motion petition pursuant to Rule 15(c), Fed.R.

Civ.P.[2] <u>Dean v. United States</u>, 278 F.3d 1218 (11th Cir. 2002) (per curiam); <u>Pruitt v. United States</u>, 274 F.3d 1315 (11th Cir. 2001)[3]; <u>Davenport v. United States</u>, 217 F.3d 1341 (11th Cir. 2000).

Fed.R.Civ.P. 15(c)(2) provides that "[a]n amendment of a pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  For Petitioner's new claims to be timely, it must be shown that they "arose out of the conduct, transaction, or occurrence" set forth in his original § 2255 motion. <u>Davenport</u>, 217 F.3d at 1344.  In order to relate back, an untimely claim "must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings. <u>Id.</u> at 1345 (citations omitted).

---

[2]   "Under Rule 12 of the Rules Governing § 2255 Proceedings, a district court may apply the Federal Rules of Civil Procedure in a lawful manner consistent with the Rules Governing §2255 Proceedings." <u>Farris v. United States</u>, 333 F.3d 1211 (11th Cir. 2003).

[3]   Notably, in <u>Pruitt v. United States</u>, 274 F.3d 1315, 1319 (11th Cir. 2001), the court held that "[t]he same analysis applies whether a district court denies leave to amend because the claims asserted by the petition to amend are untimely, or whether the district court allows the amendment and dismisses the claims as being barred by the statute of limitations period."  As such, even if the Court had previously given Petitioner permission to amend the motion, the newly added claims still would be subject to the relation back analysis.

"Instead, in order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" Id. (citations omitted).  The court in Pruitt found that, "[t]he Davenport rule makes clear that the key factor is whether the amended claims arise from the same underlying facts as the original claims." Pruitt, 274 F.3d at 1319.

After comparing Petitioner's claims in his motion to amend with his claims in his § 2255 motion, the Court finds that the new claims relate back to his timely-filed § 2255 motion.  Nonetheless, the claims do not entitle Petitioner to relief.

Petitioner's contention that he believed the drug quantity would not trigger the statutory maximum is belied by the record.  In this regard, Petitioner expressly agreed to the factual basis in the plea agreement that he sold more than 50 grams of crack cocaine to a confidential informant.  (CR-D-14, p. 14, ¶9.)  At the guilty plea hearing, the AUSA proffered the facts the Government would have expected to prove had the case gone to trial.  (CR-D-53, p. 15-16.)  The AUSA specifically stated that the Petitioner sold more than 50 grams of crack cocaine and that the package contained 53.8

grams of crack.  When the Court asked Petitioner, "[i]s that a true report," Petitioner responded, "[y]es."  (<u>Id.</u> at p. 16.)  He further admitted that he knowingly and willfully possessed cocaine base as charged, that he did so with the intent to distribute it, and "that the weight of the cocaine base ... was in excess of 50 grams."  (<u>Id.</u>)

Clearly, Petitioner admitted on more than one occasion that the amount of crack cocaine involved exceeded 50 grams. In choosing to plead guilty, Petitioner waived his right to have a jury determine the quantity of crack beyond a reasonable doubt.  The sentence imposed by the Court does not exceed that authorized by the factual basis presented and agreed to by Petitioner at the guilty plea hearing.  Thus, Petitioner cannot show any prejudice.

Petitioner next contends that the crack cocaine was wet and he should have been held responsible for the dry weight, which would not have exceeded 50 grams.  He also suggests the weight of the heat sealed evidence bag was included in the weight of the crack cocaine.  In support of this claim, Petitioner points to Amendment 484.

First, with respect to Petitioner's claim relating to the evidence bag, there is absolutely no evidence that the weight of the bag was included in calculating the weight of the crack

cocaine.  As such, Petitioner has not shown any prejudice.

Second, Amendment 484 does not provide a basis for reducing Petitioner's sentence.  Amendment 484 amended the Commentary to § 2D1.1 to provide in pertinent part:

> Mixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used. Examples of such materials include the fiberglass in a cocaine/fiberglass bonded suitcase, beeswax in a cocaine/beeswax statute, and waste water from an illicit laboratory used to manufacture a controlled substance....

U.S.S.G. App. C, Amend. 484.  There is no evidence that any "impurities" needed to be separated from the crack cocaine before it could be used.  Petitioner states that baking soda, water, and liquid lactose was added to the cocaine.  The Seventh Circuit in United States v. Tucker, 20 F.3d 242 (7th 1994), explained:

> Cocaine base is made by mixing cocaine and baking soda and boiling it in water, and in so doing, the water becomes mixed with the cocaine base. Users of cocaine base need not wait until the water evaporates before using the drug; nor, for that matter, must users separate the cocaine from the baking soda.  All three ingredients are part of a whole, blended together, and therefore comport with the common understanding of "mixture" recognized in Chapman.

Tucker, 20 F.3d at 244 (referring to Chapman v. United States, 500 U.S. 453 (1991)).  Accordingly, Amendment 484 is not

applicable to this case.

Finally, Petitioner contends that the water inflated the weight of the cocaine base and the dry weight would have entitled him to a reduced sentence.   The laboratory report indicates that the crack cocaine was "damp."   (CV-D-8, p. 9.) Petitioner has failed to show any prejudice resulting from his counsel's failure to object to the weight of the crack cocaine.   In this regard, the fact that the crack cocaine was "wet" or "damp" is of no consequence for two reasons.   First, "[t]he proper weight for determining sentence is the weight at the time of the offense, not some later weight."   Kinnard v. United States, 313 F.3d 933, 936 (6th Cir. 2002).   Second, residual water in crack cocaine is part of the consumable mixture and the Court can include it in calculating the weight of the crack cocaine.   United States v. Coleman, 166 F.3d 428, 432 (2d Cir. 1999).

## EVIDENTIARY HEARING

Lastly, as to Petitioner's request for an evidentiary hearing, Petitioner has failed to demonstrate the need for such a hearing.   The Court need not conduct an evidentiary hearing where it is evident from the record that the petitioner was not denied effective assistance of counsel.

<u>Diaz v. United States</u>, 930 F.2d 832, 834 (11th Cir. 1991).
Based on the foregoing analysis, the Court does not find that
an evidentiary hearing is warranted.

It is therefore ORDERED that:

1)   Petitioner's Motion under 28 U.S.C. § 2255 to Vacate,
Set Aside or Correct Sentence by a Person in Federal Custody
(CV-D-1; CR-D-66) is DENIED.

2)   Motion for Leave to File Amendment to 28 U.S.C. §
2255 (CV-D-8) is GRANTED to the extent that the Court finds
the issues raised in the amendment are timely.

3)   The Clerk is directed to enter judgment in favor of
the Government, terminate all pending motions, and CLOSE the
civil case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u> DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled
to a certificate of appealability.  A prisoner seeking a
motion to vacate has no absolute entitlement to appeal a
district court's denial of his petition. 28 U.S.C. §
2253(c)(1).  Rather, a district court must first issue a
certificate of appealability (COA).  <u>Id.</u>  "A [COA] may issue
… only if the applicant has made a substantial showing of the
denial of a constitutional right."  <u>Id.</u> at § 2253(c)(2).  To
make such a showing, defendant "must demonstrate that

28

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u> 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to

a certificate of appealability, he is not entitled to appeal <u>in forma pauperis</u>.

DONE AND ORDERED at Tampa, Florida this <u>18th</u> day of September, 2008.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE

30